UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN GABRIEL CISNEROS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-126 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Correctional Complex Beaumont Medium Unit in Beaumont, Texas. Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 30, 2013 (D.E. 1, 2).[1] Petitioner claims that an earlier state deferred adjudication proceeding was used to enhance his federal sentence and that his attorney in the state court proceeding was ineffective during the plea bargain process. Respondent filed a motion to dismiss on August 19, 2013 to which Petitioner responded on August 29, 2013 (D.E. 11, 13). For the reasons set forth below, it is recommended that Respondent's motion be GRANTED and Petitioner's habeas petition be DISMISSED. It is further recommended that any request for a Certificate of Appealability (COA) be DENIED.

---

[1]*See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)(federal habeas petition is considered filed on date it is placed in prison mail system).

## JURISDICTION

To the extent Petitioner is challenging his 1989 state court deferred adjudication proceeding, this court has federal question jurisdiction pursuant to 28 U.S.C. § 2254 because the proceeding occurred in Brooks County, Texas, located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 1331.  *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On February 27, 1989, in Cause Number 2179, Petitioner pleaded guilty to possession of marijuana in the 79th Judicial District Court of Brooks County, Texas. Petitioner was placed on probation for two years and further proceedings were deferred without an adjudication of guilt pending completion of the probationary period.  *Ex Parte Cisneros*, WR-39,693-05 at 27-28 (D.E. 7-30 at 31-32).  At the time Petitioner entered into the plea agreement, his attorney advised him that if he successfully served out the term of probation, the court would dismiss the charges and it would be as if he had never been convicted of the drug offense.  Petitioner had initially indicated that he wanted to proceed to a jury trial because he was not guilty of the charges.  However, after conferring with counsel, he agreed to plead guilty in exchange for the two-year probated sentence.  *Ex Parte Cisneros*, WR-39,693-05 at 25-26 (D.E. 7-30 at 29-30).

On April 29, 1991, Petitioner was discharged from deferred adjudication probation because he had fulfilled all of his obligations.  *Ex Parte Cisneros*, WR-39,693-05 at 29 (D.E. 7-30 at 33).  Petitioner subsequently was prosecuted in the Brownsville Division of the United States District Court for Southern District of Texas for drug offenses and was

convicted on three counts of possessing with intent to distribute more than 100 kilograms of marijuana, conspiracy to possess and distribute more than 1000 kilograms of marijuana, and money laundering. *United States v. Cisneros*, 112 F.3d 1272, 1275-1276, 1280 (5th Cir. 1997). At sentencing on the federal drug charges, the court considered the two-year deferred adjudication proceeding as a prior conviction for enhancement purposes and assessed a mandatory term of life imprisonment without release. *Id.* at 1280. Petitioner filed a direct appeal in which he challenged, among other things, the use of the deferred adjudication proceeding to enhance his federal sentence. His conviction was affirmed on May 13, 1997. *Id.* at 1283.

Petitioner sought habeas corpus relief in state court, arguing that he received ineffective assistance of counsel during the 1989 plea agreement when his attorney told him that if he completed his two-year term of deferred adjudication, the charges would be dismissed and it would be as if he had never been charged. He argues that had he known the conviction could be used to enhance a later sentence, he would not have pleaded guilty but would have insisted on going to trial. *See*, *generally*, *Ex Parte Cisneros*, WR-39,693-03, -04 and -05 (D.E. 7-25 through 7-30). On November 5, 2008 and November 16, 2011, the Texas Court of Criminal Appeals dismissed Petitioner's applications because his community supervision was not revoked, citing Tex. Code Crim. Pro. Art. 11.07 §§ 1, 3(a)-(b). *Ex Parte Cisneros*, WR-39,693-04 at "Action Taken" page (D.E. 7-29 at 2) and *Ex Parte Cisneros*, WR-39,693-05 at "Action Taken" page (D.E. 7-30 at 2).

In 2011, Petitioner apparently was granted an evidentiary hearing on his last state habeas application and the trial court denied relief. *Appendix to Pet. Memo* (D.E. 2 at 33,

80-81; D.E. 2-1 at 82-83). Petitioner attempted to appeal the trial court's denial of the application for habeas corpus to the Fourth Court of Appeals. *Id.* (D.E. 2 at 33-40; D.E. 2-1 at 1-14); *Ex Parte Cisneros*, WR-39,693-05 at 38-46 (D.E. 7-30 at 42-50). However, the Fourth Court of Appeals dismissed the appeal for want of jurisdiction after finding that it was not timely filed. *Id.* (D.E. 2 at 34-38).

Petitioner filed his application for habeas relief in this court on April 30, 2013 and makes the following arguments: (1) his guilty plea in 1989 was unlawfully induced and made involuntarily because he did not understand the consequences of the plea; (2) his attorney provided ineffective assistance of counsel when he mislead him regarding the consequences of the 1989 guilty plea; (3) the trial court erred when it considered his state habeas claim in 2011 because it did not provide Petitioner or his attorney with notice of his right to appeal or enter certification of his right to appeal; (4) the Fourth Court of Appeals erred when it dismissed Petitioner's appeal for being late; (5) Petitioner was denied due process when the trial court failed to provide him with notice of appeal on his state habeas case and (6) His request for findings of fact and conclusions of law and motion for the appellate record should have been construed as a Notice of Appeal in the state habeas proceeding.

In his motion to dismiss, Respondent, who is the director of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), argues that Petitioner's claims against him should be dismissed because Petitioner is not currently in custody pursuant to the state judgment at issue. Respondent also reserves the right to address the issues of limitations and exhaustion should his motion to dismiss be denied.

Petitioner counters that Stephens is the proper respondent because he would not be incarcerated now were it not for the state court conviction. Petitioner also contends that he exhausted his state court remedies and that his application is timely.

## APPLICABLE LAW

### A. Respondent Stephens

The proper respondent in a 28 U.S.C. § 2254 habeas corpus action is the person having custody of the person detained. 28 U.S.C. §§ 2242, 2243. This custodian is the person with the ability to produce the prisoner's body before the habeas court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Longstanding practice confirms that in habeas challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Id.* Because Petitioner is not in the custody of TDCJ-CID and because he is not subject to a detainer pursuant to any other state court conviction, Respondent Stephens is without authority to present Petitioner to the habeas court. Accordingly, he should be dismissed as respondent from this lawsuit.

### B. Summary Dismissal

Because Petitioner did not name the correct respondent, the District Court could order that the warden at FCC Beaumont be joined as respondent and served with process. *See* Fed. R. Civ. P. 19. However, a preliminary review of the petition shows clearly that Petitioner is not entitled to relief in this court and his petition should be dismissed. *See* Rule 4 of the Rules Governing Habeas Corpus.

A federal court does not have subject matter jurisdiction over a habeas petition unless the petitioner is in custody pursuant to the conviction at the time the petition is filed. 28 U.S.C. § 2254(b)(1); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A habeas petitioner is not "in custody" under a conviction when the sentence has fully expired at the time his petition is filed. *Id.* at 491. However, a petitioner is "in custody" if he is incarcerated and challenging a conviction used to enhance his current sentence. *Id.* at 493. Petitioner is "in custody" because he is incarcerated and challenges the 1989 sentence used to enhance his federal sentence.

*In Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 395 (2001), the Supreme Court held that as a general rule, a Petitioner who has failed to pursue available remedies to challenge the prior conviction used to enhance a later federal conviction, or who has done so unsuccessfully, may not collaterally attack that conviction through either a 28 U.S.C. § 2254 petition or a § 2255 petition directed at the later federal sentence. The only exception to the general rule is that a §2254 petition can be brought to challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Coss*, 532 U.S. at 404.

Petitioner in this case was represented by counsel when he pleaded guilty in 1989. Therefore, he does not fall within the *Coss* exception and his habeas action should be dismissed.

**C. Time-Barred**

Even if Petitioner had a viable § 2254 cause of action, it would be barred by the one-year limitations period set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner knew about the factual predicate of his claim on June 19, 1995, the day he was sentenced in federal court, because that was the day the court relied upon the 1989 conviction to enhance his federal sentence. 28 U.S.C. § 2244(d)(1)(D). Because his

cause of action accrued prior to the effective date of the AEDPA on April 24, 1996, Petitioner was entitled to a one-year grace period starting from that date, or until April 24, 1997, to file his petition. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998); *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). He did not file it until April 30, 2013, more than sixteen years too late.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). *See also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied). Giving Petitioner every benefit of the doubt, he did not file an application for habeas corpus relief in state court until July 2000. *Ex Parte Cisneros*, WR-39,693-04 at 12 (D.E. 7-29 at 15). Because the state habeas application was filed after the expiration of the limitations period, it did not toll the statute of limitations. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Any claim brought by Petitioner to challenge his 1989 state court conviction is time-barred.

### D. Petitioner's Other Claims

Petitioner also makes several claims regarding his right to appeal the denial of habeas corpus relief in the state trial court proceedings. The crux of his claims is that his due process rights were violated when, for reasons beyond his control, he was unable to appeal the denial of habeas relief in a timely manner in the Fourth Court of Appeals. However, as the Fifth Circuit has held a number of times:

> [E]rrors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction. An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.

*Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995)(internal citations and quotation omitted). Accordingly, Petitioner's claims regarding errors in his state habeas proceeding should be dismissed for failure to state a claim.

### E. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his cause of action be dismissed on procedural grounds. If the district court orders that Petitioner's cause of action be dismissed and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not find it debatable that Petitioner has not stated a valid claim of the denial of a constitutional right or that his claim should be not be dismissed as time-barred.

## **RECOMMENDATION**

It is respectfully recommended that Respondent's motion to dismiss (D.E. 11) be GRANTED. Respondent Stephens should be DISMISSED from the lawsuit because Petitioner cannot maintain this cause of action against him. In addition, petitioner's application for habeas corpus relief should be DISMISSED pursuant to Rule 4 of the

Rules Governing Habeas Corpus because it plainly appears from the petition and exhibits that Petitioner is not entitled to relief. In addition, any request for a Certificate of Appealability should be DENIED.

Respectfully submitted this 18th day of December, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).