UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN GABRIEL CISNEROS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-126 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

# **ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Respondent's motion to dismiss. D.E. 11. On December 18, 2013, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Petitioner's action be dismissed. D.E. 14. Petitioner timely filed his objections on January 8, 2014. D.E. 17. Petitioner's objections are set out and discussed below.

First, Petitioner argues that his § 2254 habeas petition is permissible under a second exception articulated in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). In *Coss*, the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." 532 U.S. at 403. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. *Id.* at 403-04. However,

"[w]hen an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Id.* at 404.

The Court in *Coss* suggested that "another exception to the general rule precluding habeas relief *might* be available" when a defendant cannot be faulted for failing to obtain timely review of a constitutional claim. *Id.* at 405 (emphasis added). The Court offered the following examples of such an occasion: (1) when a state court, without justification, refuses to rule on a constitutional claim that has been properly presented to it; and (2) when, after the time for review has expired, a defendant obtains compelling evidence of his actual innocence. *Id.*

Here, Petitioner concedes that he was represented by counsel in the conviction that served as the basis for enhancement, rendering the "first" *Coss* exception inapplicable to his claim. The Court in *Coss* did not explicitly carve out a second exception to the general rule. However, the Court did suggest that a second exception might exist, and while declining to determine the precise set of circumstances that would merit its application, indicated that such a circumstance would be rare—giving only two examples of how the exception might be triggered.

Petitioner has not alleged that any state court unjustifiably refused to rule on one of his constitutional claims that was properly presented to it or that he obtained compelling evidence of his actual innocence. Thus, Petitioner's claim does not plainly fit into either of *Coss's* examples of a situation where a second exception might be

appropriate. Instead, Petitioner argues that he cannot be faulted for failing to obtain timely review of a constitutional claim based on the fact that his Application for Writ of Habeas Corpus was filed by retained counsel and "neither retained counsel [n]or [the] trial court gave Petitioner notice of right to appeal." D.E. 17, p. 9, 11.

It is well settled that "the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (holding that because there is no constitutional right to an attorney in a state post-conviction proceeding, a petitioner cannot claim ineffective assistance of counsel in such proceedings, and because an attorney's error cannot be constitutionally ineffective, the petitioner must bear the risk of attorney error that results in a procedural default). As such, the attorney error that Petitioner complains of was not beyond the orbit of his control such that it can be said that Petitioner cannot be faulted for the failure to obtain timely review of his claim because Petitioner bears the consequences of his attorney's actions just as he would his own. Thus, Petitioner has failed to demonstrate circumstances out of his control that would merit the rare application of another exception to the general rule barring his claim. Petitioner's first objection is **OVERRULED**.

Second, Petitioner argues that the AEDPA statute of limitations should be equitably tolled to permit him to file his habeas petition after the applicable deadline. Petitioner had one year from the discovery of the factual predicate of his claims to file a federal habeas petition. 28 U.S.C. § 2254(d)(1)(D). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. at § 2254(d)(2).

The one-year period of limitations in § 2254(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citations omitted). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013).

Here, Petitioner's cause of action accrued in 1995—prior to the effective date of AEDPA on April 24, 1996. Therefore, Petitioner was entitled to a one-year grace period for filing his habeas claim, and that period ended on April 24, 1997. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998) (holding that petitioners attacking convictions or sentences which became final prior to AEDPA's effective date have a one-year post-AEDPA period, commencing on the Act's effective date, within which to file for habeas relief). Even assuming that a "properly filed application for state court collateral review" was pending prior to Petitioner filing his § 2254 petition, such an application was not filed until 2000—well past the April 1997 deadline.

Notwithstanding, Petitioner urges that equitable considerations militate in favor of tolling the statute of limitation and allowing his habeas petition to go forward. Petitioner, however, fails to allege an "extraordinary circumstance" that prevented him from timely filing his claim. Although Petitioner does contend that he diligently pursued his rights, the diligence he details is outside of the relevant time frame—that is, after his one-year grace period expired on April 24, 1997.

Because Petitioner did not initiate his state habeas proceeding until the deadline for his federal § 2254 petition had already passed and he does not allege an extraordinary circumstance sufficient to merit equitable tolling, his claim is time-barred. Petitioner's second objection is **OVERRULED**.

Third, Petitioner reasserts his claim that his due process rights were violated during his state habeas appeal. In support of his claim, Petitioner argues that his request for findings of fact and conclusions of law and motion for appellate record should have been construed as a notice of appeal of the state trial court's denial of his application for habeas corpus, despite the fact that neither filing stated Petitioner was giving a notice of appeal. He also argues that by declining to equitably toll the time for his appeal based on the "extraordinary circumstances" of his case, "[t]he Court of Appeals has decided a question of Federal Law that conflicts with the decision of the United States Supreme Court" in *Rodriguez v. United States*, 395 U.S. 327 (1969). D.E. 17, p. 16.

With regard to construing his motions as a notice of appeal, Petitioner offers no legal basis for his argument that his requests for findings of fact and conclusions of law and an appellate record should have been construed as a formal notice of appeal.

Petitioner's reliance on *Rodriguez* is inappropriate because it is not factually analogous to the case at bar. *Rodriguez* addresses the constitutionality of rejecting a petitioner's appeal because of his failure to specify the particular points he planned to raise if his right to appeal was reinstated, after his appeal rights were lost because the appeal was not timely. 395 U.S. at 330. Finally, given that there is no constitutional right to counsel in a post-conviction habeas proceeding, Petitioner's claim that his lack of compliance with appellate rules is attributable to his attorney's failure to deliver constitutionally effective assistance fails to demonstrate an "extraordinary circumstance" such that this court would be compelled to excuse Petitioner's procedural default as a matter of equity. *See Coleman v. Thompson*, 501 U.S. at 752 (holding that because there is no constitutional right to an attorney in a state post-conviction proceeding, a petitioner cannot claim ineffective assistance of counsel in such proceedings, and because an attorney's error cannot be constitutionally ineffective, the petitioner must bear the risk of attorney error that results in a procedural default).

      The Magistrate Judge correctly concluded that Petitioner failed to state a claim for relief. Fifth Circuit precedent clearly holds:

> [E]rrors in state habeas proceedings cannot serve as a basis for setting aside a valid original conviction. An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.

*Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Because Petitioner has failed to state a claim regarding errors in his state habeas proceeding, his third objection is **OVERRULED**.

Finally, Petitioner objects to the Magistrate Judge's recommendation to deny a Certificate of Appealability (COA). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The standard is satisfied by showing that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). When claims are dismissed on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. 473, 484 (2000).

In this case, Petitioner has not made the necessary showing to justify the issuance of a COA. Reasonable jurists would not find it debatable that Petitioner's claims are time-barred and fail to state a claim for relief within this Court's jurisdiction. Reasonable jurists also would not debate denial on the merits. Because Petitioner has not made a substantial showing of the denial of a constitutional right and reasonable jurists would

debate neither the procedural nor substantive basis for denying the relief he seeks, denial of a COA is appropriate in this matter. Petitioner's fourth objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion to dismiss (D.E. 11) is **GRANTED**, and this action is **DISMISSED**. In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED**.

ORDERED this 4th day of February, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE